**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 19 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



---

GAURAV GAURAV,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4141

Agency No.
A215-551-838

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2025[**]
San Francisco, California

Before: BEA and DE ALBA, Circuit Judges, and BROWN, District Judge.[***]

Petitioner Gaurav Gaurav is a native and citizen of India. He petitions for

review of the Board of Immigration Appeals' ("BIA") final order of removal, in

which the BIA affirmed the Immigration Judge's ("IJ") decision denying

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jeffrey Vincent Brown, United States District Judge for the Southern District of Texas, sitting by designation.

Petitioner's applications for asylum, withholding of removal, humanitarian asylum, and protection under the United Nations Convention Against Torture ("CAT").[1] Petitioner claims he suffered past persecution and has a well-founded fear of future persecution on account of his political affiliation and support for the Indian National Lok Dal ("INLD") Party. The parties are familiar with the facts, so we recount them only as necessary. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

"We review the BIA's decision and those parts of the IJ's decision that the BIA expressly adopted." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (citing *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). We review "factual determinations for substantial evidence" and "legal determinations de novo." *Id.* To reverse the BIA's factual finding, we must determine that "the evidence not only *supports* [the contrary] conclusion, but *compels* it." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis in original).

Past Persecution. Substantial evidence supports the BIA's finding that Petitioner failed to establish past persecution. Persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive."

---

[1] Petitioner failed to challenge the BIA's decision denying protection under CAT in his opening brief. Accordingly, Petitioner has forfeited any challenge regarding that claim, so we will not address it. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011); Fed R. App. P. 28(a)(8).

*Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016 (9th Cir. 2003) (quoting *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998)).  "Simply stated, 'not all negative treatment equates with persecution.'"  *Sharma v. Garland*, 9 F.4th 1052, 1060-61 (9th Cir. 2021) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 934 (9th Cir. 2004)).

The evidence does not compel a finding that Petitioner's two experiences where he was beaten and threatened rise to the level of past persecution.  In Petitioner's first incident, he testified that he was punched and kicked for a minute by four local members of the Bharatiya Janata Party ("BJP").  The BJP members threatened that the "next time [would be] worse for [him]" if he did not join the BJP.  Petitioner sustained minor bruising, which did not require hospitalization or medical attention.  In Petitioner's second incident, he was beaten with a hockey stick by the same four local BJP members.  The BJP members told Petitioner, "[w]e had warned you previously.  You did not listen to us, what we were telling you . . . next time when we get ahold of you, we'll finish you off."  As a result of this incident, he was treated by a local village doctor with topical cream and received tablets for pain.  There is no doubt that Petitioner was harassed.  However, these facts do not compel us to conclude that the severity of Petitioner's harm rises to the level of past persecution.  *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1181-82 (9th Cir. 2003).

<u>Well-Founded Fear of Future Persecution.</u>  An "applicant [for asylum] does

not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality." 8 C.F.R. § 1208.13(b)(2)(ii).  Where, as here, an applicant has not established past persecution, the applicant bears the burden of establishing by a preponderance of the evidence that it is unreasonable or unsafe for him to relocate within the country.  *Id.* § 1208.13(b)(3)(i).

Petitioner has not challenged the BIA's finding that he could relocate safely within India, so Petitioner has forfeited the issue.  *See Rizk*, 629 F.3d at 1091 n.3. Because the BIA's internal relocation finding is dispositive in establishing a well-founded fear of future persecution, *see* 8 C.F.R. § 1208.13(b)(2)(ii), Petitioner has not established that he has a well-founded fear of future persecution.  *See Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003).

Accordingly, substantial evidence supports the BIA's denial of Petitioner's asylum, humanitarian asylum, and withholding of removal claims.

**PETITION DENIED.**